1  **WO**

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9   Griselda Moran,                    )    No. 05-2445-PHX-ROS
                                       )
10            Plaintiff,               )    **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    Qwest Communications Corporation,  )
13                                     )
             Defendant.                )
14                                     )
                                       )
15  _____  )

16

17        Pending before the Court is Plaintiff Griselda Moran's Motion to Change Venue.

18  Plaintiff requests that this case be transferred to the Western District of Washington. For the

19  following reasons, the Motion will be denied.

20                              **BACKGROUND**

21        Plaintiff filed her suit in the District of Arizona on August 15, 2005.  (Doc. 1)

22  Plaintiff later sought a entry of default. (Doc. 5) The Clerk entered default judgment but that

23  judgment was set aside after a request to do so by Defendant Qwest Communications

24  Corporation.  (Doc. 13)  On March 15, 2006, Plaintiff filed a Motion to Change Venue.

25  (Doc. 17)  In that Motion, Plaintiff argues that her relocation to Seattle, Washington means

26  litigating this case in Arizona will be a "substantial burden" on her. (Doc. 17) Defendant

27  opposes the transfer and claims that Arizona is the more appropriate venue in light "all of the

28  witnesses and most of the relevant documents [being] located in Arizona." (Doc. 23)

1

**ANALYSIS**

2    A motion for change of venue is governed by 28 U.S.C. § 1404(a). That statute states

3  that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court

4  may transfer any civil action to any other district or division where it might have been

5  brought." This transfer statute was meant "to prevent the waste of 'time, energy and money'

6  and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

7  expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co.

8  v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). "As the party requesting the transfer,

9  [Plaintiff] bear[s] the burden of proving that [the Western District of Washington] is the

10  more appropriate forum for the action." Warfield v. Gardner, 346 F. Supp. 2d 1033, 1043

11  (D. Ariz. 2004); see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843

12  (9th Cir. 1986) (moving party has the burden of showing that the balance of convenience

13  weighs heavily in favor of transfer).

14    Pursuant to the transfer statute, a party seeking transfer must meet two requirements.

15  First, that the suit might have been brought in the proposed transferee district. Hoffman v.

16  Blaski, 363 U.S. 335, 344 (1960). Second, transfer must be for the convenience of the parties

17  and the witnesses and in the interest of justice. See Gunther-Renker Fitness, L.L.C. v. Icon

18  Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal 1998). The Ninth Circuit has provided

19  a number of factors a court should consider when evaluating the second requirement. Jones

20  v. GNC Franchising, 211 F.3d 495, 498-99 (9th Cir. 2000). Those factors are

21           (1) the location where the relevant [events took place], (2) the
22           state that is most familiar with the governing law, (3) the
             plaintiff's choice of forum, (4) the respective parties' contacts
             with the forum, (5) the contacts relating to the plaintiff's cause
23           of action in the chosen forum, (6) the differences in the cost of
             litigation in the two forums, (7) the availability of compulsory
24           process to compel attendance of unwilling non-party witnesses,
             (8) the ease of access to sources of proof.
25
26  Id. Because the parties seem to concede that this suit could have originally been brought in

    Washington, the Court will focus on the issue of convenience and the Jones factors.
27

28

- 2 -

1    The Jones factors favor keeping this litigation in Arizona. First, Plaintiff's complaint
2  alleges that she was the victim of unlawful employment practices. All of the events giving
3  rise to Plaintiff's claims took place in Arizona. Second, the majority of Plaintiff's complaint
4  is based on federal employment laws, meaning a Washington court would be equally capable
5  of hearing those claims. But Plaintiff's complaint also contains an Arizona tort claim for
6  intentional infliction of emotional distress. This Court routinely applies Arizona law and is
7  likely more familiar with Arizona law than the Washington court. Third, Plaintiff initially
8  chose to litigate this matter in Arizona. Ordinarily, Plaintiff's choice of forum is accorded
9  "great weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). But the forum that is
10  entitled to deference is Plaintiff's initial choice of forum, not a choice made later during the
11  course of the litigation. Fourth, both parties have significantly more contact with Arizona
12  than Washington. All of Plaintiff's complaints stem from action taken in Arizona and at the
13  time the suit was filed both parties were present in Arizona. The only contact with
14  Washington relevant to this suit is that Plaintiff now resides in Washington. Finally,
15  litigating this case in Washington would be more difficult and costly due to all of the
16  potential witnesses, other than Plaintiff, residing in Arizona and most of the relevant
17  documents being in Arizona. None of the factors favor transferring this case to Washington
18  and the motion will be denied.

19    Accordingly,

20    **IT IS ORDERED** Plaintiff's Motion to Change Venue (Doc. 17) is **DENIED**.

22    DATED _4/27/06_

24    Roslyn O. Silver
       United States District Judge

- 3 -