**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Griselda Moran, | No. 05-2445-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Qwest Communications Corporation, | |
| Defendant. | |

Plaintiff seeks leave to amend her complaint and an extension of the deadlines for completing discovery. For the following reasons, the requests will be denied.

The Rule 16 Scheduling Order entered on May 31, 2006, provided that all motions to amend must be filed no later than August 1, 2006. (Doc. 33) Plaintiff waited until October 18, 2006, to seek leave to file her amended complaint. According to Plaintiff, a number of events occurred after she filed the original complaint that "constituted unlawful discrimination and retaliation." (Doc. 33) Plaintiff requests leave to amend her complaint to add new counts based on these later events. Plaintiff also requests that the discovery deadlines be extended to allow her time to investigate these new claims.

Once a district court has entered a Scheduling Order, modifying the scheduling order is subject to the standard set forth in Federal Rule of Civil Procedure 16. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Pursuant to Rule 16,

changes to a Scheduling Order are appropriate only upon a showing of "good cause." The "'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. at 609. "If that party was not diligent, the inquiry should end." Id.

Plaintiff has not established that good cause exists for modifying the August 1, 2006 deadline.[1] The counts that she wishes to add to her complaint are based on events that occurred before the August 1 deadline. Plaintiff was aware of the factual basis for some of the new counts as early as August 2005. Thus, had Plaintiff been diligent she could have sought to amend her complaint before the deadline. Plaintiff was not diligent so the inquiry ends.

Plaintiff's request to modify the discovery deadlines is premised on the need for additional investigation into the counts she wished to add in her amended complaint. Because those counts will not be added, there is no need to modify the discovery schedule.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Leave to File Amended Complaint and Motion to Extend Discovery Deadlines (Doc. 38) are **DENIED**.

DATED this 5th day of December, 2006.

_____
Roslyn O. Silver
United States District Judge

---

[1] Plaintiff's motion is titled "Motion for Leave to File Amended Complaint." Technically, the motion should be denied as simply untimely because it was not filed before the August 1, 2006 deadline set forth in the Scheduling Order. The proper course was for Plaintiff to seek to modify the scheduling order. Johnson, 975 F.2d at 608. But the Court will construe the motion as a request to modify the scheduling order to prevent the same issue being raised in the procedurally proper manner.